UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE KILBURN,<br><br>                Plaintiff,<br><br>    v.<br><br>DEL PATTERSON, DOTTIE PATTERSON, et al.<br><br>                Defendants. | Case No. 8:24-cv-01279-WLH-JCx<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [14]** |

## I.     BACKGROUND

Plaintiff Paige Kilburn ("Plaintiff") initiated this action in Orange County Superior Court ("OCSC") by filing a complaint, dated October 30, 2023, alleging a single cause of action for unlawful detainer regarding a property located at 13152 Laburnum Drive, Tustin, California 90872 (the "Subject Property").  (Notice of Removal ("NOR"), Docket No. 1, Exh. 1).  On June 13, 2024, nearly eight months after the matter was initiated in OCSC, Alfred McZeal, Jr. ("McZeal"), proceeding *pro se*, removed the matter to this Court invoking federal question and diversity

1

jurisdiction pursuant to 28 U.S.C. § 1441(a) and bankruptcy jurisdiction as an alternative third basis for jurisdiction.

On July 29, 2024, the Court issued an Order to Show Cause Why the Action Should not be Remanded for Lack of Subject Matter Jurisdiction (the "OSC"). (OSC, Docket No. 14). McZeal filed his response to the OSC (the "Response") on August 5, 2024, (Docket No. 18), and included a Request for Judicial Notice ("RJN") (Docket No. 19) requesting that the Court take notice of two exhibits: (1) a "trustee deed upon sale – (by reference to the record)"; and (2) a motion to consolidate.[1]

## II. LEGAL STANDARD

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the

---

[1] McZeal's RJN appears to request that the Court take notice of items already contained in the record. The Court, however, is unable to ascertain McZeal's request because not only does McZeal offer no explanation (other than the document's title) for which specific documents he seeks the Court to notice, but he also did not affix any of the exhibits to his request. Accordingly, the Court **DENIES** McZeal's RJN. (Docket No. 19).

2

defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Further, claims related to bankruptcy cases may be removed to federal court under 28 U.S.C. § 1452. The statute provides, in relevant part: "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452. Jurisdiction exists over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. The removing party bears the burden of establishing federal jurisdiction and that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

## III. DISCUSSION

McZeal contends that this Court has jurisdiction over this matter because it involves a federal question including federal causes of action for RICO and under 18 U.S.C. § 1983, and because there is complete diversity between the parties, and the amount in controversy exceeds $75,000 as the Subject property is worth approximately $1,100,000. (*See generally* Docket No. 18). For the reasons discussed in detail below, the Court disagrees and remands this matter back to OCSC.

First, the Complaint only alleges a single claim for unlawful detainer. A claim for unlawful detainer is insufficient to invoke federal question jurisdiction. *Wachovia Mortg., FSB v. Rabb*, 2:15-CV-03903-ODW, 2015 WL 3454558, at *1 (C.D. Cal. May 29, 2015) (collecting cases). McZeal attempts to sidestep this issue by arguing that this matter should be consolidated with another related action before this Court that McZeal brought in a separately file case against Plaintiff and others involving the Subject Property. McZeal, however, cannot bootstrap in federal claims from another

related case, as the issue of whether federal question jurisdiction exists applies to cause of action contained in the instant matter. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("In determining federal question jurisdiction, the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Thus, the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law.") (cleaned up). Further, the Court issued a separate Order dismissing the related action and denying McZeal's Motion to Consolidate as moot.

Second, even if the parties are diverse as McZeal alleges, the amount in controversy does not exceed $75,000. Plaintiff filed this action as a "limited case not to exceed $10,000" in damages. (Docket No. 1, Exh. 1). Therefore, the Court finds that the amount in controversy does not exceed $75,000. *See, e.g., Ward v. Hernandez*, No. 13-CV-00383-JGB, 2013 WL 3934009, at *3 (C.D. Cal. July 26, 2013) (finding that the amount in controversy for a diversity case was not met in an unlawful detainer action that was filed in state court as a limited civil case).

Third, with respect to McZeal's claim of bankruptcy jurisdiction, it is unclear how McZeal, who is not a named party in the underlying state action, has the authority to remove this case asserting bankruptcy jurisdiction. *In re Queen Elizabeth Realty Corp.*, 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013) ("[S]omeone who is not a party to the state court action cannot remove it under 28 U.S.C. § 1452(a), and the removal by a non-party does not vest the federal court with subject matter jurisdiction.") (internal citations omitted). Further, McZeal does not offer a statutory basis for removal. Instead, he claims that removal is proper "due to a pending Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Middle District of Pennsylvania …

in which [McZeal] is a co-debtor … [and an] automatic stay is in effect and applies to the [Subject Property], and against co-debtor [McZeal]." (Docket No. 1 at 13).

In general, removal of an action from state court to district court invokes 28 U.S.C. § 1452. Removal under Section 1452 is possible only if the state-court action was within the district court's jurisdiction under Section 1334(b), which means that the action must satisfy one of three requirements: "(1) arise under title 11 of the United States Code (the Bankruptcy Code), (2) have arisen in the bankruptcy case [], or (3) be related to the bankruptcy case. *In re Agua Holdings, Inc.*, No. 19-34517-DWH11, 2023 WL 2333252, at *2 (Bankr. D. Or. Mar. 2, 2023), adopted sub nom. *Burns v. Thuney*, No. 3:23-MC-201-SI, 2023 WL 6004249 (D. Or. Apr. 10, 2023). Based on the Court's review of the record and Plaintiff's submissions, the Court finds that this case is not within the Court's jurisdiction under Section 1334(b) as the underlying matter is an unlawful detainer matter where no bankruptcy issues are involved and there is no explanation of how the Subject Property is related to the bankruptcy proceeding. As such, remand is proper as the state court action does not arise under, arise in, or relate to the bankruptcy case.

## IV. CONCLUSION

For the above-stated reasons, the Court **REMANDS** this matter to OCSC.

**IT IS SO ORDERED.**

Dated: August 15, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE